Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
DEBORAH JEAN ABBOTT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH JEAN ABBOTT,<br><br>                    Plaintiff,<br>     v.<br><br>RETAILERS' CREDIT ASSOCIATION OF GRASS VALLEY, INC., a California corporation; and JENNIFER ROBERTA WALTERS, individually and in her official capacity,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br>California Civil Code § 1788 *et seq*. |

Plaintiff, DEBORAH JEAN ABBOTT, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I.  INTRODUCTION**

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

      a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

      b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

      c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

      d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

      e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff also seeks statutory damages, attorney fees and costs for Defendant, RETAILERS' CREDIT ASSOCIATION OF GRASS VALLEY, INC.'s violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system

and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

8. Plaintiff, DEBORAH JEAN ABBOTT (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant, RETAILERS' CREDIT ASSOCIATION OF GRASS VALLEY, INC. (hereinafter "RETAILERS"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 17811 Golden Wolf Court,

---

[1] Cal. Civil Code § 1788.1(a)(1).

Nevada City, California 95959.  RETAILERS may be served at the address of its Agent for Service of Process at: Retailers' Credit Association of Grass Valley, Inc., c/o Ruth Schwartz, Agent for Service, 17811 Golden Wolf Court, Nevada City, California 95959.  The principal purpose of RETAILERS is the collection of defaulted consumer debts using the mails and telephone, and RETAILERS regularly attempts to collect defaulted consumer debts alleged to be originally due another.  RETAILERS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10.  Defendant, JENNIFER ROBERTA WALTERS (hereinafter "WALTERS"), is a natural person and licensed attorney in the state of California.  WALTERS is or was an employee, agent, officer and/or director of RETAILERS at all relevant times and is engaged in the business of collecting defaulted consumer debts in this state.  WALTERS may be served at her current business address at: Jennifer Roberta Walters, Law Office of Jennifer R. Walters, 103 Providence Mine Road, Suite 103, Nevada City, California 95959.  WALTERS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.  At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

12.  On or about May 16, 1995, Plaintiff entered into a residential lease agreement with Century 21 El Camino and thereafter defaulted on her rental payments (hereinafter "the debt").  The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil

Code § 1788.2(f).

13. Thereafter, on or about November 7, 1995, Century 21 El Camino filed an unlawful detainer action in the Santa Clara County Municipal Court captioned *Century 21 El Camino v. Deborah A. Jones; Mark E. Jones, et al.,* Case No. DC95-319628 (hereinafter "the state court action"). A true and correct copy of the Complaint – Unlawful Detainer is attached hereto, marked Exhibit "A," and by this reference is incorporated herein.

14. Thereafter, on or about December 28, 1995, a Stipulation for Entry of Judgment was entered in the state court action between Plaintiff and Century 21 El Camino (hereinafter "the state court judgment"). A true and correct copy of the Stipulation for Entry of Judgment is attached hereto, marked as Exhibit "B," and by this reference is incorporated herein.

15. Thereafter, on or about April 24, 1997, the state court judgment was assigned to Defendant, RETAILERS (a/k/a RCA of Grass Valley, Inc.). The Assignment of Judgment was filed of record in the state court action on or about April 27, 1998. A true and correct copy of the April 24, 1997, Assignment of Judgment is attached hereto, marked as Exhibit "C," and by this reference is incorporated herein.

16. Thereafter, on or about May 7, 1997, the state court judgment was assigned to Richard W. Prince. The Assignment of Judgment was filed of record in the state court action on or about April 27, 1998. A true and correct copy of the May 7, 1997, Assignment of Judgment is attached hereto, marked as Exhibit "D," and by this reference is incorporated herein.

17. Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, have engaged in a pattern and continuing course of conduct involving multiple acts from at least April 24, 1997, through February 9, 2016, and continuing, in an attempt to collect the debt from

Plaintiff.[2]  Specifically, Defendants mailed collection notices and collection letters directly to Plaintiff in their continuing attempt to collect the debt from Plaintiff.

18.  Thereafter, on or about October 6, 2005, Defendant, WALTERS, filed an <u>Application for and Renewal of Judgment</u> in the state court action on behalf of Defendant, RETAILERS, although the then current owner of the state court judgment was Richard W. Prince.  A true and correct copy of the October 6, 2005, <u>Application for and Renewal of Judgment</u> is attached hereto, marked as Exhibit "E," and by this reference is incorporated herein.

19.  Thereafter, on or about October 20, 2005, Defendant, WALTERS, filed a <u>Notice of Renewal of Judgment</u> in the state court action on behalf of Defendant, RETAILERS, although the then current owner of the state court judgment was Richard W. Prince.  A true and correct copy of the October 20, 2005, <u>Notice of Renewal of Judgment</u> is attached hereto, marked as Exhibit "F," and by this reference is incorporated herein.

20.  Thereafter, on or about December 29, 2005, the state court judgment lapsed, pursuant to Cal. Code of Civil Procedure § 683.020.  Thereafter, the state court judgment could not be lawfully enforced, and any debt or lien created thereby was extinguished by operation of law.

21.  Thereafter, on or about May 26, 2015, Defendant, WALTERS, filed another <u>Application for and Renewal of Judgment</u> in the state court action on behalf of Defendant, RETAILERS, although the state court judgment had lapsed, could not be lawfully enforced, and any debt or lien created thereby was extinguished by operation of law.  A true and correct copy of the May 26, 2015, <u>Application for and Renewal of Judgment</u> is attached hereto, marked as Exhibit "G," and by this reference is incorporated herein.

22.  Thereafter, on or about June 1, 2015, Defendant, WALTERS, filed a <u>Notice of</u>

---

[2]  *Joseph v. J.J. Mac Intyre Cos.*, 281 F. Supp. 2d 1156 (N.D. Cal. 2003); *Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 344, (Cal. App. 1st Dist. 2009).

Renewal of Judgment in the state court action on behalf of Defendant, RETAILERS, although the state court judgment had lapsed, could not be lawfully enforced, and any debt or lien created thereby was extinguished by operation of law. A true and correct copy of the June 1, 2015, Notice of Renewal of Judgment is attached hereto, marked as Exhibit "H," and by this reference is incorporated herein.

23. As a result of the June 1, 2015, Notice of Renewal of Judgment (Exhibit "H"), Plaintiff was required to retain legal counsel at her own expense thereby incurring actual damages in the form of attorney fees and costs.[3]

24. On or about June 24, 2015, Plaintiff retained the legal services of Fred W. Schwinn of Consumer Law Center, Inc., to represent her in the state court action.

25. On or about June 24, 2015, Fred W. Schwinn served Defendants with a Substitution of Attorney which notified Defendants that Plaintiff was represented by Fred W. Schwinn in the collection lawsuit. A true and accurate copy of the Substitution of Attorney from Fred W. Schwinn to Defendants is attached hereto, marked Exhibit "I," and by this reference is incorporated herein.

26. On or about June 30, 2015, Fred W. Schwinn served Defendants with a Motion to Vacate Renewal of Judgment and related documents which again notified Defendants that Plaintiff was represented by Fred W. Schwinn in the state court action. A true and accurate copy of the Proof of Service by First-Class Mail from Fred W. Schwinn to Defendants is attached hereto, marked Exhibit "J," and by this reference is incorporated herein.

27. Thereafter, on or about July 31, 2015, the Honorable Carol Overton entered an Order Granting Motion to Vacate Renewal of Judgment in the state court action. A true and accurate

---

[3] See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

copy of the <u>Order Granting Motion to Vacate Renewal of Judgment</u> is attached hereto, marked Exhibit "K," and by this reference is incorporated herein.

28. On or about July 31, 2015, Fred W. Schwinn served Defendants with a <u>Notice of Entry of Judgment or Order</u> and together with a copy of the <u>Order Granting Motion to Vacate Renewal of Judgment</u> (Exhibit "K") which again notified Defendants that Plaintiff was represented by Fred W. Schwinn in the state court action.  A true and accurate copy of the <u>Notice of Entry of Judgment or Order</u> from Fred W. Schwinn to Defendants is attached hereto, marked Exhibit "L," and by this reference is incorporated herein.

29. Plaintiff is informed and believes, and thereon alleges that Defendants had actual knowledge that Plaintiff was represented by an attorney in the state court action prior to August 13, 2015.

30. Plaintiff is informed and believes, and thereon alleges that Defendants had actual knowledge that that the state court judgment had lapsed and could not be lawfully enforced and any debt or lien created thereby was extinguished by operation of law prior to August 13, 2015.

31. Thereafter, on or about August 13, 2015, Defendants mailed a collection letter directly to Plaintiff.  A true and accurate copy of Defendants' August 13, 2015, collection letter is attached hereto, marked Exhibit "M," and by this reference is incorporated herein.

32. Defendants' August 13, 2015, collection letter (Exhibit "M") was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

33. Thereafter, on or about September 16, 2015, Defendants mailed a collection letter directly to Plaintiff.  A true and accurate copy of Defendants' September 16, 2015, collection letter is attached hereto, marked Exhibit "N," and by this reference is incorporated herein.

34. Plaintiff is informed and believes, and thereon alleges that Defendants' September

16, 2015, collection letter (Exhibit "N") was approved and signed by Defendant, WALTERS, on behalf of Defendant, RETAILERS.

35. Defendants' September 16, 2015, collection letter (Exhibit "N") was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

36. Defendants' September 16, 2015, collection letter (Exhibit "N") falsely stated that Plaintiff owed $27,633.97 on the state court judgment.

37. Defendants' September 16, 2015, collection letter (Exhibit "N") falsely stated that there was an outstanding judgment against Plaintiff in the state court action.

38. Defendants' September 16, 2015, collection letter (Exhibit "N") falsely stated that Defendants could seek an Order of Examination to collect the lapsed and expired judgment, and that Defendants could seek a Bench Warrant if Plaintiff failed to appear in the state court action.

39. Thereafter, on or about February 9, 2016, Defendants mailed a collection letter directly to Plaintiff. A true and accurate copy of Defendants' February 9, 2016, collection letter is attached hereto, marked Exhibit "O," and by this reference is incorporated herein.

40. Defendants' February 9, 2016, collection letter (Exhibit "O") was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

## VII. CLAIMS

**FAIR DEBT COLLECTION PRACTICES ACT**
**(Against All Defendants)**

41. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

42. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

43. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

1692a(3).

44. Defendant, RETAILERS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

45. Defendant, WALTERS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

46. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

47. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

   a. Defendants continued to communicate directly with Plaintiff regarding the collection of the debt after Defendants knew that Plaintiff was represented by an attorney with respect to the debt, in violation of 15 U.S.C. § 1692c(a)(2);

   b. Defendants made and used false, deceptive, and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

   c. Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

   d. Defendants attempted to collect a debt that is known by Defendants to be extinguished, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692f and 1692f(1).

48. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

49. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (Against Defendant, RETAILERS, Only)

50. Plaintiff brings the second claim for relief against Defendant, RETAILERS, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

51. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

52. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

53. Defendant, RETAILERS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

54. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

55. Defendant, RETAILERS, has violated the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant, RETAILERS, continued to communicate directly with Plaintiff regarding the collection of the debt after it knew that Plaintiff was represented by an attorney with respect to the debt, in violation of Cal. Civil Code §§ 1788.14(c) and 1788.17[4];

    b. Defendant, RETAILERS, made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[5]

    c. Defendant, RETAILERS, misrepresented the character, amount or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[6] and

    d. Defendant, RETAILERS, attempted to collect a debt that is known by it to

---

[4] 15 U.S.C. § 1692c(a)(2).
[5] 15 U.S.C. §§ 1692e and 1692e(10).
[6] 15 U.S.C. § 1692e(2)(A).

be extinguished, in violation of Cal. Civil Code § 1788.17.[7]

56. Defendant, RETAILERS', acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

57. As a result of Defendant, RETAILERS', violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

58. As a result of Defendant, RETAILERS', willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, RETAILERS, pursuant to Cal. Civil Code § 1788.30(b).

59. As a result of Defendant, RETAILERS', violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, RETAILERS, pursuant to Cal. Civil Code § 1788.17.[8]

60. As a result of Defendant, RETAILERS', violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[9]

61. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

---

[7] 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692f and 1692f(1).
[8] 15 U.S.C. § 1692k(a)(2)(A).
[9] 15 U.S.C. § 1692k(a)(3).

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1);

c) Declare that Defendant, RETAILERS, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.14(c) and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against Defendant, RETAILERS, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not to exceed $1,000 against Defendant, RETAILERS, pursuant to Cal. Civil Code § 1788.17;[10]

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[11] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

oo0oo

---

[10] 15 U.S.C. § 1692k(a)(2)(A).
[11] 15 U.S.C. § 1692k(a)(3).

- 13 -
COMPLAINT

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen  (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
DEBORAH JEAN ABBOTT

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DEBORAH JEAN ABBOTT, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.